UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Walter Posner, | ) | Bankr. 19-07338 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |

## AMENDED MEMORANDUM OPINION (DOCKET NO. 43)

Before the court for ruling in this chapter 11 case is a motion for relief from the automatic stay by Elisa Posner ("Elisa"). The court will grant the motion for the reasons provided below.

### I. Jurisdiction

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(a). This matter concerns the application of the automatic stay - a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. § 1409.

### II. Facts and Background

The facts are drawn from the parties' papers, Walter Posner's petition, schedules and plan as well as the court's docket. *In re Brent*, 458 B.R. 444, 455 n. 5 (Bankr. N.D. Ill. 2011) ("The court can take judicial notice of matters in its own records.").

#### A. The State Court Proceedings

Walter Posner ("Walter") and Elisa Posner ("Elisa") were married on January 18, 1986. (Mot. Ex. 1, p. 1, ¶ B). The Circuit Court of Lake County dissolved their marriage on May 25, 2018 through a Judgment for Dissolution of Marriage. (Walter Posner Ex. 14, p. 17). A Supplemental Judgment was entered on September 11, 2018 ("Supplemental Judgment"). (Mot. Ex. 1). The Supplemental Judgment delineates Elisa's non-marital property, Walter's non-marital property, marital real property, marital personal property as well as other issues. (Mot. Ex. 1). It divides their marital investments, bank accounts, retirement accounts, life insurance policies, personal property/

1

collectibles, business interests and receivables on investments. Walter filed a Notice of Appeal of this judgment on September 18, 2018. (Walter Posner Trial Ex. 16).

### B. The Bankruptcy Proceedings

On March 15, 2019, Walter filed this chapter 11 case. Elisa filed the instant motion on July 29, 2019 seeking a declaration confirming that the automatic stay was not in effect or a grant of relief from the automatic stay to allow her to continue enforcement of the divorce decree. She asserts that the property she received from the divorce decree is not property of the bankruptcy estate, that Walter does not have equity in it as he does not own the property awarded her and for that reason it is not necessary for an effective reorganization. According to her, the stay (if there is one), does not apply to her property. She also alleges that Walter filed the bankruptcy case in bad faith.

This court granted Elisa's request for relief, in part, and entered an order both parties agreed to on August 21, 2019. (Dkt. No. 57). It did not address personal property/collectibles, certain business interests (One Share in Orchard Casino) (Mot. Ex. 1, p. 13, ¶ K), interests in Jackson Landscaping (Mot. Ex. 1, p. 13, ¶ K), receivables on investments (Loan to Jordan Heller) (Mot. Ex. 1, p. 14, ¶ M) and Receivable from MKAWBP, LLC for $10,000 (Mot. Ex. 1, p. 14, ¶ M).

Walter contends that the court should not grant additional stay relief because the Circuit Court of Lake County erred in dividing the marital property. He argues that he has filed a meritorious appeal; he anticipates the reviewing court reducing Elisa's award and believes that she will not be harmed if the court does not grant stay relief because the August 21, 2019 order allows her to access funds in the financial accounts. Finally, Walter contends that the factors the Seventh Circuit used to evaluate stay relief in *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991) do not favor lifting the stay.

Elisa replies that Walter is using bankruptcy to relitigate divorce issues and to avoid posting an appeal bond while appealing the divorce decree. She contends that the *Fernstrom* factors do not apply and if they apply, they support stay relief.

2

### III. Discussion

The automatic stay requires all entities to stop collection or recovery against a debtor and his bankruptcy estate when the debtor files bankruptcy. 11 U.S.C. § 362(a). An entity that wishes to resume collection or recovery can obtain stay relief in two ways. The first is where there is cause for relief pursuant to 11 U.S.C. § 362 (d)(1). The Bankruptcy Code ("Code") does not define cause. *In re Fernstrom Storage & Van Co.*, 938 F.2d at 735. Courts determine whether it exists on a "case-by-case" basis. *Id.* The Seventh Circuit has developed a balancing test (the *Fernstrom* factors) that courts use to determine if cause exists. *Id.* Stay relief is also available where a debtor has no equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

There is cause in this case to grant stay relief under 11 U.S.C. § 362 (d)(1) because the property is not part of the bankruptcy estate and Walter's bankruptcy filing lacks good faith. The *Fernstrom* factors do not apply in this instance. However, balancing those factors favors lifting the stay. The court will grant stay relief pursuant to both 11 U.S.C. §§ 362(d)(1) and (d)(2). Elisa has shown cause under § 362(d)(1). Stay relief is warranted under § 362(d)(2) because Walter does not have equity in the property, based on his lack of ownership. His lack of equity makes it unnecessary for the court to determine whether the property in issue is necessary for an effective reorganization.

### A. 11 U.S.C. § 362(d)(1)

#### *1. Cause Exists Because the Property is not Part of the Bankruptcy Estate*

There is cause to grant stay relief under 11 U.S.C. § 362(d)(1) because the property Elisa received through the divorce decrees is not part of the bankruptcy estate. Elisa obtained ownership of the property in 2018 when the court issued the divorce decrees. This occurred before Walter filed for bankruptcy in 2019. Under 11 U.S.C. § 541(a)(1) the bankruptcy estate consists of a debtor's legal and equitable interests in property as "of the commencement of the case." Federal courts analyze property interests in accordance with applicable state law unless a federal interest requires a

3

different result. *Butner v. United States*, 440 U.S. 48, 55 (1979). This is because state law creates and defines property interests. *Id.*

Under Illinois law, Elisa received ownership of the property in question when the court issued the divorce decrees. Illinois law provides that each spouse has a "species of common ownership" in marital property which vests when either spouse files for divorce. 750 Ill. Comp. Stat. Ann. 5/503(e). This interest ripens into a full ownership interest for any property the divorce court distributes to a spouse when the court enters an order of distribution or final judgment. *In re Dzielak*, 435 B.R. 538, 547 (Bankr. N.D. Ill. 2010). Therefore, assets the court awards to the debtor spouse are property of the estate, while assets that go to the non-debtor spouse are not property of the estate. *In re Thorpe*, 546 B.R. 172, 177 (Bankr. C.D. Ill. 2016), aff'd, 569 B.R. 310 (C.D. Ill. 2017), aff'd, 881 F.3d 536 (7th Cir. 2018). In other words:

> It is generally acknowledged that once the divorce decree becomes final the property interests awarded are vested pursuant to the decree. As long as the property awarded existed at the time of the decree, even if it was cash, a prebankruptcy court order divesting the debtor spouse of an interest in the property will normally keep that property out of the debtor spouse's bankruptcy estate.

1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 2.01[5] (2019).

In this case, Walter's bankruptcy estate consists of his legal and equitable interests in property as of the date he filed the bankruptcy petition. The divorce court issued the dissolution of marriage judgment and the supplemental judgment for dissolution of marriage in 2018 – well before Walter filed this bankruptcy case. These decrees divided the marital property and determined Walter's property as well as Elisa's property. When Walter filed his case on March 15, 2019, his estate did not include the property that the divorce court awarded Elisa.

### 2. *Cause Exists because of a Lack of Good Faith in Walter's Filing*

In addition, cause exists to grant stay relief under 11 U.S.C. § 362(d)(1) because Walter lacked good faith in filing bankruptcy. A lack of good faith in filing a petition constitutes cause for relief from the stay under 11 U.S.C. § 362(d)(1). *In re Foster*, 283 B.R. 917, 919 (Bankr. E.D. Wis.

4

2002) ("A lack of good faith in the filing of a bankruptcy petition constitutes 'cause' for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(1)"): *In re Laguna Assoc.*, 30 F.3d 734, 737 (6th Cir.1994). The good faith standard should be assessed objectively rather than subjectively. *In re Royalty Prop.*, 604 B.R. 742, 750 (Bankr. N.D. Ill. 2019) (citing *In re Schlangen*, 91 B.R. 834, 837 (Bankr. N.D. Ill. 1988)). This court's inquiry will focus on the presence or absence of objective factors rather than the debtor's subjective intent.

Filing bankruptcy to circumvent pending litigation is an indication of bad faith. Another indication of bad faith is using the automatic stay as a litigation tactic in a two-party dispute. *In re American Telecom*, 304 B.R. 867, 873-75 (Bankr. N.D. Ill. 2004) (The debtor's goal in filing bankruptcy was to stop a creditor's collection effort, relieve the debtor of the need to post a supersedeas bond and shift to the bankruptcy forum a dispute that could be resolved in state court). It is also bad faith to use bankruptcy as a litigation tactic to postpone enforcement of divorce judgments. *In re Garzon*, 2018 WL 6287986, * 5 (Bankr. N.D. Ill. Dec. 3, 2018) (finding bad faith in dismissing a chapter 13 case that debtor filed to postpone or potentially never pay his ex-wife).

This court has weighed the totality of the circumstances objectively and concludes that this case was not filed in good faith. Walter is using this bankruptcy case as a substitute for an appeal bond. It is apparent that he filed the case in bad faith because he has few unsecured creditors and owes few debts to non-moving creditors. Walter is using this case to stay enforcement of the divorce judgment while he appeals it. In Illinois, a party has the right to appeal from a final judgment irrespective of whether the party has posted an appeal bond. *Hamilton Corp. v. Alexander*, 290 N.E.2d 589, 590 (Ill. 1972). However, to stay enforcement of a judgment that awards money, Illinois Supreme Court Rule 305(a) requires judgment debtors to post a bond or other form of security. The Rule states:

> The enforcement of a judgment for money only, or any portion of a judgment which is for money, shall be stayed if a timely notice of appeal is filed and an appeal bond or other form of security, including, but not limited to, letters of credit, escrow

5

> agreements, and certificates of deposit, is presented to, approved by and filed with the court within the time for filing the notice of appeal or within any extension of time granted under paragraph (c) of this rule.
>
> . . .
>
> The bond or other form of security ordinarily shall be in an amount sufficient to cover the amount of the judgment and costs plus interest reasonably anticipated to accrue during the pendency of the appeal.
>
> Illinois Supreme Court Rule 305(a).

Note that the supplemental judgment includes the following awards of money to Elisa:

- "The parties share equally (50/50) of the following receivables on investments: Receivable from MKAWBP, LLC for $10,000." (Mot. Ex. 1, p.14, ¶ M);

- ". . . Walter shall contribute $120,715 toward Elisa's attorney's fees." (*Id.* ¶ N) and

- ". . . MKAWBP, LLC d/b/a Super Pawn Chicago is a marital asset with a marital value of $310,000. Walter shall pay to Elisa's marital share of MKAWBP in the amount of $155,000 from his share of the net proceeds of the sale of the martial residence." (Mot. Ex. 1, p. 13, ¶ L).

Walter's trial expert, David Grund, a family law attorney, testified herein that the appeal bond Walter would have to pay to stay enforcement of the divorce decree was incredibly expensive. He testified that it was set at an unaffordable level and that the Appellate Court refused to lower the bond. Walter's main argument against stay relief is that he has a meritorious appeal; he just does not want to pay for a bond to stay the judgments entered in Elisa's favor. Walter is using his bankruptcy as an appeal bond.

This case is essentially a two-party dispute and was not filed with a legitimate bankruptcy purpose. The only unsecured creditor who has filed a claim in this case is the Internal Revenue Service. The Illinois Department of Revenue has filed a claim but the amount claimed is zero. Walter claims he filed bankruptcy because of exorbitant debts such as his debt to the Kingdom of the Netherlands. However, the Netherlands has not filed a proof of claim, motion or adversary proceeding in this case. That debt stems from a judgment that was entered many years ago in Aruba.

Walter testified that he does not have assets in Aruba and has not had any assets seized due to this judgment. It does not seem as if the Netherlands is currently pursuing enforcement of this debt.

This court must insure that debtors do not invoke the Code illegitimately. This duty, however, must be balanced against the policy of open access to the bankruptcy process. *In re Schlangen*, 91 B.R. at 837. In this instance, it is apparent that this case does not serve the purposes of a chapter 11 reorganization which is to allow honest but unfortunate debtors to make a fresh start. Its purpose is to continue to delay and frustrate Elisa.

### 3. *Fernstrom Factors Do Not Apply but Show Cause*

The *Fernstrom* factors do not apply in determining whether Elisa should obtain stay relief because the debtor has no interest in the property awarded to her. In *Fernstrom*, the Seventh Circuit affirmed a decision to lift a stay to allow a creditor to continue a lawsuit that had been pending for six years to pursue a declaration of liability. *In re Fernstrom*, 938 F.2d at 737. The creditor, who sought to use the declaration of liability to recover from an insurance company, agreed to limit his recovery to the debtor's insurance coverage. *Id.* at 735-736. Elisa seeks to enforce a judgment rather than continue a pending lawsuit. The litigation has concluded in the issuance of divorce decrees, which the debtor has appealed. She is not asking for stay relief to continue litigation; she wants to enforce a prepetition judgment. In any event, her separate property is not property of the debtor's bankruptcy estate.

If they applied, however, the *Fernstrom* factors would favor stay relief. The factors are whether: (a) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (b) the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor, and (c) the creditor has a probability of prevailing on the merits. *Id.* at 735. Granting stay relief will not prejudice Walter or the bankruptcy estate. In fact, the debtor's trial testimony showed that at most he would be inconvenienced by having to face

enforcement of the divorce decree, not prejudice. As stated above, there is a prepetition divorce decree; an Illinois court gave Elisa ownership interests before Walter filed for bankruptcy.

Walter will not face hardship if the court grants stay relief. Walter has argued that he will suffer harm if the real property gets sold for less than what it is worth; he said that its value may increase in the future. He also posits that he will suffer harm because he will not be able to replace the personal property/collectibles the divorce court ordered sold. However, Walter can pay Elisa the value of her share of those items. (Mot. Ex. 1, p. 13, ¶ J). Walter is aware of this; he offered to purchase the items from Elisa but offered her less than the amount in the trial stipulation. Walter disputes the divorce court's evaluation of the personal property/collectibles. For instance, he argues that the coin collection is worth $100,000, although the state court found it to be worth $150,000. (Mot. Ex. 1, p.5, ¶ 5). However, Elisa submitted the divorce trial exhibit which shows that she and Walter agreed to the value of the items. (Elisa Posner Trial Ex. 1). The inconvenience he may endure for having to honor the divorce decrees pursuant to values he agreed to does not amount to prejudice. If he does not want to sell the collectibles, such as memorabilia from the 1939 version of the Wizard of Oz movie, he can purchase Elisa's share. The divorce decree provides that the proceeds from the sale of those items are to be divided with Elisa receiving 60% and Walter receiving 40% and that "[i]f Walter wishes to buy any of the items ... then he shall pay Elisa sixty percent (60%) of the agreed upon value ..." (Mot. Ex. 1, p. 13, ¶ J).

The hardship to Elisa would greatly outweigh hardship to Walter if this court allows the automatic stay to remain in place. Elisa received a divorce decree in 2018. She alleged that as of when she filed the motion for stay relief on July 29, 2019, she had received virtually none of the property that she was awarded in the divorce decree. (Mot., p. 7). The divorce court, in assessing attorney fees, found that "Walter has the ability to earn substantial income ... By contrast, Elisa's ability to earn income and stagnant assets are a small fraction of Walter's future earning potential and

8

investment opportunities." (Mot. Ex. 1, p. 8, ¶ M). The hardship to Elisa in continuing to not receive property the divorce court awarded her greatly outweighs any hardship to Walter.

The final factor the court must consider is whether the movant is likely to prevail on the merits. Elisa is likely to prevail in enforcing the divorce decree because Walter has not provided an appeal bond and the property at issue does not belong to him.

### B. Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2)

As stated above, 11 U.S.C. § 362(d)(2) allows a court to grant stay relief if a debtor has no equity in the property and the property is not necessary for an effective reorganization. The entity requesting relief has the burden of proving that the debtor does not have equity in the property. 11 U.S.C. § 362(g)(1). The debtor has the burden of proving that the property is necessary for an effective reorganization and all other issues. 11 U.S.C. § 362(g)(2). In this matter, Elisa must show that Walter does not have equity in the property and Walter must show that it is necessary for an effective reorganization.

Elisa has shown that Walter does not have equity in the property by showing that she obtained ownership of the property before Walter filed for bankruptcy.

Although Walter objects to the stay relief for a variety of reasons, he has not met his burden of showing that the property is necessary for an effective reorganization. Walter believes the state court erred in ordering him to transfer his one-half ownership interest of one of the properties (659 W. Randolph Street) to his son. (Response to Mot., Dkt. 65, p. 4). He also asserts that the divorce court erred in finding that he had an ownership interest in the business MKAWBP, LLC, d/b/a Chicago Super Pawn; he asserts that his mother owns it. He disagrees with the state court's refusal to hold Elisa equally indebted to the Kingdom of the Netherlands in the amount of $1,800,000 on a tax debt connected to the operation of a casino.

Walter argued that he will not be able to replace the property the divorce court ordered to be sold (Dkt. 43, p. 28, ¶ J). In addition, he argues that he has a meritorious appeal and that the reviewing court will reduce the amount of property awarded to Elisa.

Although it is arguable that the bankruptcy estate's debt could be reduced if the reviewing court finds Elisa jointly indebted to the Kingdom of the Netherlands, this does not warrant allowing the automatic stay to delay her enforcement efforts. The Kingdom of the Netherlands did not file a proof of claim and does not seem to be pursuing repayment of this debt.[1] The Bankruptcy Noticing Center sent the Kingdom of the Netherlands notice of this bankruptcy case; its debt has been scheduled. *See* BNC Certificate of Notice and Schedule E/F of Unsecured Creditors, Dkt. 6, p. 3 and Dkt. 1, p. 13. Walter testified that this debt may prevent him from traveling to Aruba in the future.

### IV. Conclusion

The court finds that the movant has shown that cause exists to terminate the automatic stay. She has also shown that the debtor has no equity in the property in issue. The debtor has not shown that the property in issue is necessary for an effective reorganization.

This Opinion constitutes the court's findings of fact and conclusions of law.

The November 13, 2019 order on the motion stands.

Dated: November 15, 2019

ENTER:

_Jacqueline P. Cox_
Honorable Jacqueline P. Cox
United States Bankruptcy Judge

---

[1] For chapter 11 cases section 1111(a) of the Code provides an exception to the general rule that all creditors must file proofs of claim to receive distributions. The filing exception may not apply to the Netherlands' claim because the debtor has scheduled its debt as disputed.